UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Sammie Lee McCoy, #39452, *a/k/a* Sammie L McCoy, <br><br> Plaintiff, <br><br> v. <br><br> State of South Carolina; County of York; Rock Hill Police Department, <br><br> Defendants. | C/A No.: 8:08-cv-1575-GRA <br><br> **ORDER** <br> (Written Opinion) |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed May 12, 2008. Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983, alleging he was falsely arrested. He asks the Court to award damages for his loss of employment, mental strain, and for defamation. He also raises claims with respect to his conditions of confinement. The magistrate recommends dismissing the complaint without prejudice and without issuance and service of process.

On May 20, 2008, Plaintiff filed a Motion to Amend the Complaint, pursuant to Fed. R. Civ. P. 15(a). He seeks to amend his Complaint to add an additional claim for medical neglect. For the following reasons, the Court dismisses the case and denies Plaintiff's Motion to Amend the Complaint.

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the

magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff did not file objections to the Report and Recommendation.  Instead, he filed the Motion to Amend the Complaint.

Plaintiff seeks to amend his Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.   As the Supreme Court stated:

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  Consequently, if one of these reasons exist, the motion to amend will be denied.  After reviewing Plaintiff's Motion to Amend, the Court has determined that the motion should be denied, because the proposed amendment would be futile.

Plaintiff's Amended Complaint would add a claim for medical neglect. However, the magistrate correctly determined that each of the defendants should be summarily dismissed from the Complaint.  As to the County of York, the magistrate correctly decided that Plaintiff failed to state a claim against the county.  In addition, the magistrate correctly determined that the State of South Carolina should be dismissed

on the basis of Eleventh Amendment immunity. Finally, the magistrate properly decided that the Rock Hill Police Department should be dismissed because a building is not a "person" under 42 U.S.C. § 1983. Therefore, this Court finds that the Amended Complaint would be legally futile, since the proposed amendment does not remedy the defects in the original Complaint, with respect to each defendant. Accordingly, the Court denies Plaintiff's Motion to Amend the Complaint, pursuant to Fed. R. Civ. P. 15(a).

After a review of the magistrate's Report and Recommendation, applicable case law, and the record, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the Report and Recommendation in its entirety.

IT IS THEREFORE ORDERED that Plaintiff's complaint be DISMISSED without prejudice and without issuance and service of process.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend the Complaint be DENIED.

**IT IS SO ORDERED**.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
June   3  , 2008

**[Notice of Right to Appeal on Following Page]**

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.